UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BAER

07 CIV 8613

-------------------------------------------------------------

STINSON LLC, OY

               Plaintiff,

   - against -

FISHERMAN STAR LTD.,

               Defendant.

-------------------------------------------------------------X

ECF CASE

RECEIVED

OCT 04 2007

U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, STINSON LLC, OY (hereinafter referred to as "Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the

Defendant, FISHERMAN STAR LTD., (hereinafter referred to as "Defendant"), alleges, upon

information and belief, as follows:

    1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.     At all times material to this action, Plaintiff was, and still is, a limited liability

company registered in the State of Oregon with a principal place of business at Runeberginkatu

2, Helsinki, Finland and was at all material times a seller and supplier of bunker lubricants to

ocean going vessels.

    3.     Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity, organized under, and existing by virtue of foreign law with a principal

place of business in Cyprus and was at all material times a buyer of bunker lubricants for ocean

going vessels.

4. By a maritime contract for the purchase and sale of bunker fuel dated January 23, 2007, entitled Marine Lubricants Term Contract No 2007/003-01, Defendant agreed to purchase a quantity of fuel from Plaintiff, which fuel Plaintiff in fact supplied to Defendant pursuant to Defendant's instructions.

5. Specifically, pursuant to the parties' contract Plaintiff made deliveries to Defendant as follows:

| | | | |
|---|---|---|---|
| 1. | 1/25/07 | Port of Las Palmas | $50,700.00; |
| 2. | 1/25/07 | Port of Gdansk | $84,189.10; |
| 3. | 1/28/07 | Port of Gdansk | $52,798.20; |
| 4. | 2/7/07 | Port of Las Palmas | $50,700.00; |
| 5. | 2/14/07 | Port of Las Palmas | $60,450.00; |
| 6. | 3/7/07 | Port of Copenhagen | $32,686.50; |
| 7. | 3/21/07 | Port of Las Palmas | $69,990.40; |
| 8. | 4/11/07 | Port of Copenhagen | $27,823.65; |
| 9. | 4/4/07 | Port of Las Palmas | $64,350.00; |
| 10. | 4/8/07 | Port of Copenhagen | $30,200.00. |

The total owed by Defendant to Plaintiff for these ten fuel deliveries is $523,887.85.

6. To date, Defendant has paid only $249,990.00 and, therefore, Plaintiff is owed by Defendant the principal amount of $273,987.85.

7. Notwithstanding that Plaintiff fully performed its obligations under the contract, Defendant has breached the contract inasmuch as Defendant, while not disputing the amount due, has failed to pay Plaintiff the full amount due under the contract.

8.      Plaintiff has sustained damages in the total principal amount of $273,987.85, exclusive of interest which is recoverable under the bunker supply contract.

9.      Plaintiff expects to obtain a judgment from this Court to recover the following amounts from Defendant:

| | | |
|---|---|---:|
| A. | Principal claim: | $273,987.85 |
| B. | Interest on invoices paid late by Defendant: | $7,363.13 |
| C. | Three years pre-judgment interest on $273,987.85: | $89,840.62 |
| **Total** | | **$371,191.60** |

10.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

11.     The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.      That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

3

B.      That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue

an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims,

attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies,

tangible or intangible, or any other funds up to the amount of **$371,191.60** belonging to, due or

being transferred to, from, or for the benefit of the Defendant, including but not limited to such

property as may be held, received or transferred in Defendant's name or as may be held, received

or transferred for its benefit at, moving through, or within the possession, custody or control of

banking/financial institutions and/or other institutions or such other garnishees to be named, and

that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental

Admiralty Rule B answer the matters alleged in the Complaint;

C.      That this Court enter judgment against the Defendant in the amount of

$371,191.60 plus the costs and reasonable attorneys' fees incurred in the prosecution of this

action;

D.      That Plaintiff be afforded such other and further relief as warranted by justice.

Dated: New York, NY
       October 4, 2007

                                      The Plaintiff,
                                      STINSON LLC, OY,

By: _____
                                      Charles E. Murphy (CM 2125)
                                      LENNON, MURPHY & LENNON, LLC
                                      The Gray Bar Building
                                      420 Lexington Ave., Suite 300
                                      New York, NY 10170
                                      (212) 490-6050
                                      facsimile (212) 490-6070
                                      cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                  )    ss.:   City of New York
County of New York  )

1.      My name is Charles E. Murphy.

2.      I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.      I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4.      I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.      The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.      The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     New York, NY
           October 4, 2007

Charles E. Murphy

5